UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNICORN GLOBAL, INC., HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD., AND SHENZHEN UNI-SUN ELECTRONIC CO., LTD., | § § § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:20-cv-02023 |
| v. | § § | |
| GOLABS, INC. d/b/a GOTRAX, WALMART INC., WAL-MART STORES TEXAS, LLC, AND WAL-MART.COM USA LLC, | § § § § § § | Jury Trial Demanded |
| Defendants. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is a patent infringement action by Unicorn Global, Inc. ("Unicorn"), Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic"), and Shenzhen Uni-Sun Electronic Co., Ltd. ("Uni-Sun") (collectively, "Plaintiffs") against Golabs, Inc. d/b/a GOTRAX ("GOTRAX"), Wal-Mart Inc., Wal-Mart Stores Texas, LLC, and Wal-Mart.com USA LLC (the Walmart defendants are referred to collectively as "Walmart"). The term "Defendants" refers to all the defendants collectively.[1]

**INTRODUCTION**

1. This action is brought pursuant to the patent laws of the United States, 35 U.S.C. § 101 et seq.

---

[1] A related case styled, *Unicorn Global, Inc. et. al v. Golabs, Inc. d/b/a/ GITRAX et. al*, No. 3:19-cv-00754 (N.D. Tex.) ("*Unicorn I*"), is currently pending before Judge Godbey.

1

2.      Chic is the owner by assignment of all rights, title, and interest in and under U.S. Patent No. 10,167,036 ("the '036 Patent"), entitled "Electric Balance Vehicle," which is attached as **Exhibit 1**.

3.      Chic is the owner by assignment of all rights, title, and interest in and under U.S. Patent No. 10,597,107 ("the '107 Patent"), entitled "Electric Balance Vehicle," which is attached as **Exhibit 2**.

4.      The '036 Patent and the '107 Patent are referred to collectively as the "Asserted Patents."

5.      The Asserted Patents are currently licensed to Uni-Sun on an exclusive basis with Unicorn as its authorized enforcement agent.

6.      Defendants have infringed and continue to infringe the claimed subject matter of the Asserted Patents without permission in connection with electric balance vehicles called hoverboards that GOTRAX makes, uses, offers for sale, sells, and imports into the United States, which are sold and offered for sale in the United States by Wal-Mart.

**PARTIES**

7.      Chic is a company organized and existing under the laws of the People's Republic of China with a principal place of business located at 2/F, No. 2 Building, Liangzhu University, Science and Technology Park, No. 1 Jingyi Road, Liangzhu, Hangzhou, 311112, People's Republic of China.

8.      Chic is a high-tech company that is supported by Zhejiang University Ministry of Education Computer Aided Product Innovation Design Engineering Center;

Zhejiang University International Design; and Zhejiang Key Laboratory of Service Robot. Chic manufactures and licenses hoverboard products for sale in the United States. Chic has been assigned 70 authorized patents for its hoverboard technology and design in different regions such as China, the United States, the European Union, and Canada.

9. Unicorn is a California corporation with its place of business located at 18333 Gale Ave., City of Industry, California 91748. Unicorn has enforcement rights for the Asserted Patents under a written Patent License Agreement dated October 16, 2018.

10. Uni-Sun is a company organized and existing under the laws of the People's Republic of China with its principal place of business located at No. 43 Lan Second Road, Longxin Area, Longgang District, Shenzhen Guangdong, 518000, People's Republic of China. Uni-Sun holds an exclusive license to the Asserted Patents under a written Patent License Agreement dated October 16, 2018. Chic and Uni-Sun have assigned enforcement rights to Unicorn. Together, Plaintiffs have standing to sue for all past, present, and future infringement of the Asserted Patents.

11. GOTRAX is a privately-held Texas corporation with its principal place of business at 2201 Luna Rd., Carrollton, TX 75006. GOTRAX has appointed Law Offices Of William Chu, 4455 LBJ Freeway, Ste 1008, Dallas, TX 75244 USA, as its registered agent for service of process.

12. Defendant Walmart Inc. is a Delaware corporation headquartered at 702 S.W. 8th Street, Bentonville, Arkansas 72716. Upon information and belief, Walmart Inc. may be served with process via its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas, 75201.

13. Defendant Wal-Mart Stores Texas, LLC, Inc. is a Delaware corporation and a subsidiary of Walmart Inc. headquartered at 702 S.W. 8th Street, Bentonville, Arkansas 72716. Upon information and belief, Wal-Mart Stores Texas, LLC may be served with process via its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas, 75201.

14. Defendant Wal-Mart.com USA LLC is a California corporation and subsidiary of Walmart Inc. headquartered at 702 S.W. 8th Street, Bentonville, Arkansas 72716. Upon information and belief, Wal-Mart.com USA LLC may be served with process via its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas, 75201.

15. Walmart owns and operates Walmart stores in this District and throughout Texas, and sells the Accused Products through the Walmart website (www.walmart.com) and Walmart stores.

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. This Court has personal jurisdiction over GOTRAX because GOTRAX is based in this District, regularly conducts business in this District, and has committed and continues to commit acts of patent infringement in this District.

18. This Court has personal jurisdiction over Walmart because Walmart has a regular and established place of business in this District, including multiple Walmart stores in this District and throughout Texas, and has purposely transacted business

involving the Accused Products in this District, including sales to one or more customers in Texas, has employees in this District, and certain of the acts complained of herein occurred in this District. Walmart offers its products, including those accused of infringement below, to customers and potential customers located in Texas and in this District. Walmart is subject to this Court's jurisdiction pursuant to due process and the Texas Long Arm Statute due at least to its substantial business in this State and District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and (c) engaging in persistent conduct and deriving substantial revenue from goods provided to customers in Texas.

19. Venue is proper in this District under 28 U.S.C. § 1400(b) because the Defendants have regular and established places of business in this District and have committed acts of infringement in this District.

## INFRINGING PRODUCTS

20. The Asserted Patents were validly issued by the United States Patent and Trademark Office and are presumed valid under 35 U.S.C. § 282.

21. Chic is the owner of all right, title, and interest in and to the Asserted Patents, and collectively, Plaintiffs have the exclusive rights to enforce the Asserted Patents, to file actions based on infringement of the Asserted Patents, to recover damages or other monetary amounts for infringement of the Asserted Patents, and to obtain injunctive relief pertaining to the Asserted Patents.

22. Chic has owned the Asserted Patents at all times during Defendant's infringement of the Asserted Patents.

23. The Asserted Patents are directed to electric balance vehicles commonly referred to as "hoverboards."

24. Without authorization, GOTRAX makes, uses, imports, sells, or offers for sale self-balancing vehicles that infringe the Asserted Patents, including at least claim 8 of the '036 Patent and claim 8 of the '107 Patent. The infringing products are the GOTRAX Hoverfly Eco, GOTRAX Hoverfly Ion, GOTRAX SRX, GOTRAX SRX Pro, GOTRAX Hoverfly XL, GOTRAX 654-2, and GOTRAX Remix hoverboard products imported, sold, or offered for sale in the United States (collectively, the "Accused Products").

25. Walmart has infringed the Asserted Patents by selling and offering to sell the Accused Products in the United States, including in Texas and in this District, without authorization.

26. Pictures of representative Accused Products offered for sale on Walmart.com are included below:







27. Each of the Accused Products meets each and every element of at least claim 8 of the '036 Patent and claim 8 of the '107 Patent, either literally or equivalently. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (discussing pleading requirements under *Iqbal*). The Accused Products are electric balance vehicles with top

and bottom covers outside of an inner cover, a rotating mechanism in a middle portion of the inner cover, two wheels rotatably fixed to the edges of the inner cover, and all the other required elements of claim 8 of the '036 Patent and claim 8 of the '107 Patent.

28. GOTRAX sells and offers to sell the Accused Products directly to end-user customers through its e-commerce website and through third-party resellers, such as Walmart. Walmart sells and offers to sell the Accused Products directly to end-user customers in the United States, including Texas.

## KNOWLEDGE AND WILLFULNESS

29. GOTRAX had pre-suit actual knowledge of the Asserted Patents and that the Accused Products infringe the Asserted Patents because GOTRAX's manufacturer, Zhejiang Taotao Automotive Corp., previously licensed related utility patents U.S. Patent Nos. 9,376,155 and 9,452,802 (collectively, the "related utility patents") that are asserted in an action pending in this District, *Unicorn Global, Inc. et. al v. Golabs, Inc. d/b/a/ GITRAX et. al*, No. 3:19-cv-00754 (N.D. Tex.) ("*Unicorn I*"), from Chic for use in connection with the manufacture, importation, distribution, use, offer for sale, and sale of hoverboard products, including the accused products at issue. GOTRAX previously sold hoverboard products that were marked with the related utility patents, representing to the public that the marked products were covered by the related utility patents that are asserted in *Unicorn I*. Moreover, in a separate lawsuit styled *Golabs, Inc. d/b/a/ GOTRAX v. Hangzhou Chic Intelligent Technology Co., Ltd. et al.*, No. 3:19-cv-1019 (N.D. Tex.), GOTRAX alleges that Chic, Unicorn, and agents of Unicorn provided notice of infringement to GOTRAX.

30. Defendants had pre-suit actual knowledge of the Asserted Patents and that the Accused Products infringe the Asserted Patents based on prior infringement notices on related patents and communications between counsel for Plaintiffs and counsel for Defendants about adding the '036 Patent to the pending *Unicorn I* action. Walmart refused the request to stop selling the Accused Products, and thus are willfully infringing Plaintiffs' patent rights. *See Georgetown Rail Equip. Co. v. Holland L.P.*, 867 F.3d 1229, 1245 (Fed. Cir. 2017) ("Substantial evidence supports the jury's finding that subjective recklessness led to willful infringement in this case.").

31. Defendants also have actual knowledge of the Asserted Patents and that the Accused Products infringe the Asserted Patents due to service of this action. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1345 (Fed. Cir. 2012) (allowing notice of indirect infringement upon service); *Uniloc USA, Inc. v. Motorola Mobility LLC*, No. 2:16-CV-989-JRG, 2017 WL 3721064, at *3 (E.D. Tex. May 15, 2017) (same for direct infringement).

32. Defendants have constructive knowledge of the Asserted Patents because Plaintiffs have complied with the marking statute, 35 U.S.C. § 287.

## COUNT ONE
## PATENT INFRINGEMENT
### The '036 Patent

33. Defendants directly infringe, literally or under the doctrine of equivalents, and have infringed at least claim 8 of the '036 Patent by, without authority, making, using, importing, offering to sell, or selling the Accused Products that practice the claimed invention of the '036 Patent within the United States.

34. The Accused Products meet each and every one of the elements of at least claim 8 of the '036 Patent, either literally or equivalently.

35. Defendants' infringement has harmed Plaintiffs and will continue to cause severe and irreparable damage to Plaintiffs as long as Defendants' infringing activities continue.

36. Defendants' infringement of the '036 Patent was willful and supports an award of increased damages and an exceptional case finding.

37. Plaintiffs are entitled to recover damages adequate to compensate Plaintiffs for the injuries complained of herein, including possible lost profits, but in no event less than a reasonable royalty.

38. Plaintiffs are further entitled to have Defendants enjoined from committing future acts of infringement that would subject Plaintiffs to irreparable harm.

## COUNT TWO
## PATENT INFRINGEMENT
### The '107 Patent

39. Defendants directly infringe, literally or under the doctrine of equivalents, and have infringed at least claim 8 of the '107 Patent by, without authority, making, using, importing, offering to sell, or selling the Accused Products that practice the claimed invention of the '107 Patent within the United States.

40. The Accused Products meet each and every one of the elements of at least claim 8 of the '107 Patent, either literally or equivalently.

41. Defendants' infringement has harmed Plaintiffs and will continue to cause severe and irreparable damage to Plaintiffs as long as Defendants' infringing activities continue.

42. Defendants' infringement of the '107 Patent was willful and supports an award of increased damages and an exceptional case finding.

43. Plaintiffs are entitled to recover damages adequate to compensate Plaintiffs for the injuries complained of herein, including possible lost profits, but in no event less than a reasonable royalty.

44. Plaintiffs are further entitled to have Defendants enjoined from committing future acts of infringement that would subject Plaintiffs to irreparable harm.

## JURY DEMAND

45. Plaintiffs request a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

A. A judgment that Defendants have infringed the Asserted Patents;

B. A judgment awarding Plaintiffs damages adequate to compensate for Defendants' infringement;

C. A judgement and order requiring Defendants to pay Plaintiffs increased damages up to three times the amount found or assessed under 35 U.S.C. § 284;

D. A determination that this is an exceptional case under 35 U.S.C. § 285;

E. An award of attorneys' fees for bringing and prosecuting this action;

F. A permanent injunction enjoining Defendants, their officers, agents, servants, employees, representatives, licensees, successors, assigns, and all those in privity, active concert, or participation with any of them from further infringement of the Asserted Patents;

G. Pre-judgment and post-judgment interest to the full extent allowed under the law, as well as costs; and

H. Such other and further relief as the Court deems just and equitable.

Dated: July 30, 2020

Respectfully submitted,

*/s/ S. Wallace Dunwoody*
Michael C. Wilson
mwilson@munckwilson.com
Texas Bar No. 21704590
S. Wallace Dunwoody
wdunwoody@munckwilson.com
Texas Bar No. 24040838
MUNCK WILSON MANDALA, LLP
12770 Coit Road, Suite 600
Dallas, Texas 75251
Telephone: (972) 628-3600
Telecopier: (972) 628-3616

**ATTORNEYS FOR PLAINTIFFS UNICORN GLOBAL, INC., HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD., AND SHENZHEN UNI-SUN ELECTRONIC CO., LTD.**